IN THE CIRCUIT COURT FOR THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO. :

DIVISION: CV- H

**FULTON P. LISS,** an individual,

         Plaintiff,

vs.

**JACKSONVILLE AVIATION AUTHORITY,**
an agency of the State of Florida,
**THE CITY OF JACKSONVILLE,**
a municipality and agency of the State of
Florida, **SHERIFF MIKE WILLIAMS,**
in his official capacity, **CPL D.L. MCCRORY #420,** in his
official capacity, **P.A. SPIKES #2782,** in his official capacity,
**UNKNOWN SUPERVISORY OFFICERS
OF THE JACKSONVILLE SHERIFF'S OFFICE,**
the identity and number of whom is presently unknown,
in their official, supervisory capacity; and
**UNKNOWN CORRECTONAL OFFICERS
OF THE JACKSONVILLE SHERIFF'S OFFICE,**
the identity and number of whom is presently unknown,
in their official and individual capacity; **UNKNOWN
MEDICAL PROVIDER FOR THE PRETRIAL DETENTION
FACILITY,** the identity and number of whom is
presently unknown and their agents, employees, and assigns.

         Defendants.

_____

## COMPLAINT FOR MONETARY DAMAGES
## AND DEMAND FOR JURY TRIAL

  ***COMES NOW,*** Plaintiff, **FULTON P. LISS,** an individual, by and through undersigned counsel, hereby sues The City of Jacksonville, Sheriff Mike Williams, the Jacksonville Aviation Authority, the individual officers of the Jacksonville Aviation Authority

and the Jacksonville Sheriff's Office, and the unknown supervisory and correctional officers of the Jacksonville Sheriff's Office and Pretrial Detention Facility, and alleges the following:

1. This is an action for monetary damages for the deprivation of Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution[1] and the respective articles of the Constitution of the State of Florida, resulting from the false arrest, prosecution, and excessive force following an arrest by Cpl. D.L. McCrory. Plaintiff exited the U.S. Airways aircraft on March 8, 2014, but required a wheel chair and assistance to disembark the jetway as requested.[2] Upon being booked into the Pretrial Detention Facility, Plaintiff was assaulted, bruised, and denied access to adequate medical care and treatment by correctional officers. The Plaintiff was charged by information on March 25, 2014, with resisting or opposing an officer without violence pursuant to Section 843.02, Florida Statutes, which prosecution was malicious and commenced without probable cause. The charges were dropped by the State of Florida.

## JURISDICTION AND VENUE

2. The Plaintiff invokes the jurisdiction of this circuit court pursuant to Section 1983 as the state court has concurrent jurisdiction to decide federal claims pled in the complaint. The remaining claims are state law claims which are permitted by the sovereign immunity statute codified by Section 768.28, Florida Statutes. The circuit court has jurisdiction as the damages are in excess of $15,000.00. All conditions precedent to suit have been

---

[1] [1] In order to state a § 1983 claim under the Eighth Amendment for inadequate medical care when in confinement, a plaintiff must allege that municipal actors were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
[2] The Plaintiff's boarding pass was stamped by the airline "Boarding Assistance."

2

complied with as set forth in Jacksonville Municipal Code 112.210 and Section 768.28, Florida Statutes, including all statutory notices served by First Class Mail Return Receipt Requested to the respective agencies of the State of Florida and the Department of Insurance (Division of Financial Services).[3]

3. Venue in this Court is proper in that the acts giving rise to the causes of action all occurred in Duval County, Florida.

## PARTIES

4. The Plaintiff, **FULTON P. LISS**, is an individual, and is a resident of the State of Maryland.

5. Defendant, **JACKSONVILLE AVIATION AUTHORITY**, an independent agency of the State of Florida, and is charged with the duty of overseeing the airport, terminal, grounds, and roads and highways. This oversight and management of all four JAA airport properties, including Jacksonville International Airport, Cecil Airport, Jacksonville Executive Airport (JAXEX), and Herlong Recreational Airport. The agency employees police officers who patrol the grounds and are the respective employees and agents of the agency operating under its direction, control, supervision, and training. CPL D.L. McCrory #420 was an employee and agent of the agency at all times material hereto.

6. Defendant, **CITY OF JACKSONVILLE**, is a municipality and agency of the State of Florida.

7. At all times material hereto, the Defendant **UNKNOWN MEDICAL PROVIDERS**, are either employed by the Jacksonville Sheriff's Office or are independent

---

[3] Jacksonville Risk Management was assigned to its insurer File No.:1520-00273.

3

contractors under the authority of the Chief of Jails, and under the direction and control of the Sheriff of the City of Jacksonville.

8. Defendant, **SHERIFF MIKE WILLIAMS,** in his official capacity, was, at all times material hereto, responsible for its agents and employees of the Jacksonville Sheriff's Office. He is a constitutional officer under state law charged with the duty of supervising, overseeing, training and establishing policy regarding the conformance of the conduct of the Jacksonville Sheriff's Office, its agents and employees with the United States and Florida Constitutions. The Sheriff is further responsible for training its agents and employees to adhere to state and federal constitutional standards. The Office of the Sheriff of the consolidated City of Jacksonville is a "person" for purposes of 42 U.S.C. Section 1983. At all times material hereto, the Defendant acted under "color of State law." The Pretrial Detention Facility is a jail operated by the Sheriff of the Consolidated City of Jacksonville and is required by both state and federal law to provide timely access to medical care, ensure that the conditions of confinement are not "cruel and unusual" which includes unnecessary pain and suffering, and the City of Jacksonville has a constitutional responsibility for the medical care entrusted to it under the Supervision of the Sheriff, which includes the supervision of the medical staff and providers due to the nondelegable duty to provide health care that is constitutionally mandated as set forth in *Estelle v. Gamble*. At all times material hereto, the medical care providers serve under the direction of the Sheriff and are charged by law with providing adequate medical care under the Eighth Amendment for inmates and/or pretrial detainees when in confinement, and the agents of the institution acted with deliberate indifferent to the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

9. At all times material hereto, the Defendant **CPL D.L. MCCRORY #420** is an officer employed by the Jacksonville Aviation Authority. He was acting under the direction and control of the agency and was acting pursuant to either official policy or the custom and practice of the Jacksonville Aviation Authority. He is sued in his official and supervisory capacity.

10. At all times material hereto, the Defendant **P.A. SPIKES #2782** is an employee of the Jacksonville Sheriff's Office and was the arresting and transporting officer. At all times material hereto, he was acting in his capacity as an agent, servant and employee of the Jacksonville Sheriff's Office. He is sued in his official capacity.

11. At all times material hereto, the Defendant **UNKNOWN JACKSONVILLE CORRECTIONAL OFFICERS**, are employed by the Jacksonville Sheriff's Office and are under the authority of the Chief of Jails, and under the direction and control of the Sheriff of the City of Jacksonville. The Defendant is charged with a nondelegable duty as set forth by *Estelle v. Gamble*. The Defendant was acting pursuant to either official policy or the custom and practice of the Jacksonville Sheriff's Office or was the final policy maker with respect to medical care, standards, access to the medical care, and with administering discipline, use of force, and imposing punishment for violation of the jail rules and regulations. The Defendant is sued in his official capacity.

12. At all times material hereto, the Defendant **UNKNOWN JACKSONVILLE SUPERVISORY CORRECTIONAL OFFICERS**, are employed by the Jacksonville Sheriff's Office and are under the authority of the Chief of Jails, and under the direction and control of the Sheriff of the City of Jacksonville. The Defendant is charged with a

nondelegable duty as set forth by *Estelle v. Gamble*. The Defendant was acting pursuant to either official policy or the custom and practice of the Jacksonville Sheriff's Office or was the final policy maker with respect to medical care, standards, access to the medical care, and with administering discipline, use of force, and imposing punishment for violation of the jail rules and regulations. The Defendant is sued in his official capacity.

### FACTUAL AND GENERAL ALLEGATIONS

13. On March 8, 2014, the Plaintiff was flying from his home in Maryland out of Washington D.C. to West Palm Beach, Florida.

14. When the aircraft was diverted to JIA, the Plaintiff voluntarily exited the plane onto the jetway, where he was approached by Cpl. McCrory, who advised him he was being detained for questioning.

15. The Plaintiff boarded the plane with wheelchair assistance by the airlines and suffered from various serious medical conditions including vertigo which affect his balance, gait, and ability to walk unassisted. As Cpl. McCrory instructed him to walk to exit the jetway, he informed him he could not without the assistance of the wheelchair.

16. The Plaintiff was then arrested, placed in handcuffs, and placed in a wheelchair for transport "due to refusing to walk on his own accord to the police office."

17. After arresting Plaintiff, Corporal McCrory called for medical assistance to treat abrasions to his wrists and to evaluate him due to his stated illness(es) and medications.

18. The investigating officers from the Jacksonville Aviation Authority and the Jacksonville Sheriff's Office were aware of the Plaintiff's medical condition and need for medication.

19. The Plaintiff was arrested for "refusing to walk on his own accord to the police office and for not complying with Cpl. McCrory's verbal commands.

20. The Plaintiff was arrested by Cpl. McCrory and by P.A. Spikes and transported to the PTDF.

21. The Plaintiff was booked into the PTDF and later bonded out. While he was in the facility, he was thrown around, slapped, and struck causing bruising and injury. The Plaintiff suffers from a brain tumor or acoustic neuroma,[4] with acute vertigo, headaches, and other related symptoms. He took several medications including pain pills every 3 hours, and the guards informed him he <u>would not</u> receive medication for his serious medical needs, and was specifically told that none would be provided for him.

22. These medical conditions are serious and require adequate access to medical care, which includes medications, assistance when walking, and pain medications every three hours. The failure to receive these can cause serious bodily injury, increase the risk of harm and can increase Plaintiff's level of pain.

---

[4] As the acoustic neuroma grows, it compresses the hearing and balance nerves, usually causing unilateral (one-sided) hearing loss, tinnitus (ringing in the ear), and dizziness or loss of balance. As it grows, it can also interfere with the facial sensation nerve (the trigeminal nerve), causing facial numbness. It can also exert pressure on nerves controlling the muscles of the face, causing facial weakness or paralysis on the side of the tumor. Vital life-sustaining functions can be threatened when large tumors cause severe pressure on the brainstem and cerebellum.

23. The Plaintiff's treating physicians for neurology, pain management, vertigo, and his inner ear dysfunction had provided a plan of treatment for his serious medical needs, which included prescription medication and pain medicine.

24. The correctional officers at the PTSD's failure to provide that medical care or delay in receiving the medical care resulting from the officers ignoring Plaintiff's requests for medical care, resulting in instability, vertigo, anxiety, pain, and headaches with deliberate indifference to his serious medical condition is violative of the Eighth Amendment.[5] Plaintiff's medical condition is a "serious medical need" as it "has been diagnosed by a physician as mandating treatment or … is so obvious that even a lay person would easily recognize the necessity of a doctor's attention."1

25. This failure to provide Plaintiff access to medical care constitutes "deliberate indifference" and resulted in a deprivation of the Decedent's constitutional rights as it could have resulted in further significant injury or the unnecessary and wanton infliction of pain.

26. The constitutional rights alleged were clearly established by the decisional law of the United States Supreme Court, and the law of the Eleventh Circuit. There are no immunities to suit, and those have been addressed and defined by the decisional law.[6]

---

[5] *Hill v. DeKalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994).

[6] The Eleventh Circuit held that, although a county had contracted out the performance of its Eighth Amendment obligation to provide medical care to inmates, the "county itself remains liable for any constitutional deprivations caused by the policies or customs of the [private medical services provider]." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 705 (11th Cir. 1985).

27. As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants, the Decedent suffered mental, physical, and emotional pain and suffering.

28. As a direct and proximate result of the willful and deliberate actions of the Defendants, the Plaintiff has suffered grievously, and has been brought into public scandal, and with great humiliation, and mental suffering.

### COUNT I – VIOLATION OF 42 U.S.C. SECTION 1983
### (CITY OF JACKSONVILLE POLICY "MOVING FORCE" FOR CONSTITUTIONAL DEPRIVATION FOR SEIZURE WITHOUT PROBABLE CAUSE)

29. The Plaintiff re-alleges the factual allegations in paragraphs 13 through 28.

30. The Plaintiff, sues the Defendants Jacksonville Aviation Authority and the City of Jacksonville pursuant to 42 U.S.C. Section 1983 for the unconstitutional actions of its agents acting pursuant to: (1) an express policy or omission of policy; (2) a widespread custom, practice or policy with the force of law; or (3) the decision(s) of a person with final policymaking authority which were un-reviewable and thus constitute the official policy of the agency. The Defendants deliberately and recklessly established and maintained, prior to the events described in the above factual allegations, acting within their authority and under color of state law, instituted and followed longstanding policy, procedures, customs or practices of failing to discipline, train, and supervise and monitor its employees, including the decision to arrest the Plaintiff without probable cause and initiate a prosecution by information for the charge of resisting and opposing an officer without violence, which was the moving force causing his injuries and is actionable under 42 U.S.C. Section 1983 as a violation of the First,

Fourth, and Fourteenth Amendments to the United States Constitution. Alternatively, The Defendant has a widespread custom and practice of a policy of falsifying reports, evidence and memoranda to cover unconstitutional policies; and a failure to train, supervise, and control subordinates effectuating an arrest with probable cause for the charge of resisting without violence.

31. As a direct and proximate result of the willful and deliberate actions or inactions of the Defendant in violation of 42 U.S.C. Section 1983, has suffered grievously, and have been brought into public scandal, and with great humiliation, mental suffering, loss of society and comfort.

32. Additionally, by failing to discipline the officers for failing to provide timely and necessary medical care, the City of Jacksonville and the Jacksonville Aviation Authority has ratified the officers' decisions and their reasons for their decisions, thus constituting a policy, custom or practice. Alternatively, the officers were the ultimate policymakers for the City of Jacksonville and the Jacksonville Aviation Authority as their decisions were not immediately or effectively reviewable.

### COUNT II---VIOLATION OF 42 U.S.C. SECTION 1983
### (DELAY OF ADEQUATE MEDICAL TREATMENT WITH DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

33. Plaintiff re-alleges the factual allegations contained in paragraphs 13 through 28.

34. The Plaintiff sues the City of Jacksonville and the Sheriff, Mike Williams, in his official capacity, the individual unknown corrections officers, while engaged in conduct

that deprived Plaintiff of his right to be free from the denial or delay in receiving medical care with deliberate indifference, which was the moving force causing his injuries and is actionable under 42 U.S.C. Section 1983 as a violation of the Eighth and Fourteenth Amendments to the United States Constitution. The Plaintiff suffers from a serious medical condition which was diagnosed by his medical providers and was made known to the officers, and despite that condition and need for medical assistance and access to necessary medication, the correctional officers delayed, denied, or disregarded the need. The 8th Amendment requires that prison officials provide *ready access* to adequate medical care, including access to competent medical providers, and necessary medication.

35.   As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants, the Plaintiff has suffered grievously, and has been brought into public scandal, and with great humiliation, mental suffering.

36.   The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff to have access to and not to be denied necessary medical care guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.[7]

---

[7]   As used and pled in this complaint, the clearly established law requires: "to state an Eighth Amendment violation for inadequate medical care under *Estelle v. Gamble, supra*, it must be shown that [Howard's] treatment was 'so grossly incompetent, inadequate or excessive . or [was] a refusal to provide essential care.' [Cit.]" *Alford v. Osei-Kwasi, supra* at 722-723(6), 418 S.E.2d 79. Thus, knowledge for the purpose of deliberate indifference means an awareness that the inmate needs medical care because of a serious risk of harm from illness or injury, as evidenced by the clinical signs and symptoms that are readily observable by a reasonable person. Knowledge for the purpose of deliberate indifference does not require a final diagnosis, correct diagnosis, or a complete medical history when the inmate has not been allowed to see and to be examined by a physician or when medical care has been unreasonably delayed. *Adams v. Poag, supra* at 1544; *Brown v. Hughes, supra* at 1538; *Carswell v. Bay County, supra* at 457.

## COUNT III---VIOLATION OF 42 U.S.C. SECTION 1983
### (MALICIOUS PROSECUTION)

37. Plaintiffs reallege paragraphs 13 through 28.

38. The Plaintiff sues the Defendants the individual officers Cpl. McCrory and Officer P.A. Spikes for a malicious prosecution, which was the moving force causing Plaintiff's injuries and is actionable under 42 U.S.C. Section 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

39. The Defendants caused a prosecution to be initiated against the Plaintiff by swearing to the facts which are the basis of the information filed by the prosecutor, John Paul Cannizzaro, in an information filed on March 20, 2014 for Resisting an Officer without Violence by not following the verbal commands of D. L. McCrory, a law enforcement officer with the Jacksonville Aviation Authority, to leave the jetway.

40. On April 29, 2014, the State of Florida dismissed the information.

41. The Plaintiff prevailed on the merits of the charges, which were dismissed unconditionally, and without a conditional plea or agreement.

42 As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants, Plaintiff suffered grievously, including being brought into public scandal, great humiliation, mental suffering, and damaged reputation.

43. The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, the Plaintiffs respectfully pray this Court will award the following relief, and any and all other relief deemed appropriate:

A. Judgment for damages due to the false arrest, malicious prosecution, and due to the inmate's serious medical injuries and failure to timely provide medical care;

B. Injunctive relief, requiring defendants to correct all past violations of federal and state law as well as alleged herein and to enjoin defendants from continuing to act in violation of federal and state law as alleged herein pursuant to *Estelle v. Gamble*;

C. Judgment for Punitive damages against the City of Jacksonville, the individual officers and supervisory officers of the Jacksonville Sheriff's Office and the medical staff;[8]

D. An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988, as to those counts alleging federal claims to which attorney's fees are recoverable;

E. Any other equitable and legal relief which the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues (injunctive relief notwithstanding) and claims under Federal and State law.

---

[8] Punitive damages are available under § 1983. *See Smith v. Wade*, 461 U.S. 30, 35 (1983). Such damages are only available, however, for conduct involving "reckless or callous indifference to the federally protected rights of others, as well as for conduct motivated by evil intent." *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) (*quoting Smith*, 461 U.S. at 56) (internal quotation marks omitted). "The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on [a] § 1983 claim." *Id.*

*DATED THIS*: 7th  day of March, 2018.

*Respectfully submitted,*

**Thomas G. Fallis, P.A.**
**The Blackstone Building**
**601 E. Bay Street**
**Jacksonville, FL 32202**

---and---

**Robert J. Slama, P.A.**
**6817 Southpoint Pkwy**
**Ste. 2504**
**Jacksonville, FL 32216**

  /s/ Robert J. Slama, Esquire____
**Robert J. Slama, Esquire**
Fl. Bar. No.: **919969**
(904)296-1050 Telephone
(904)296-1844 Facsimile
Email:support@RobertJSlamaPA.com
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that a copy of this Complaint was filed on CORE by electronic filing and personally served on this 7th day of March, 2018.

                                                    BY:/s/ Robert J. Slama, Esquire
                                                    Robert J. Slama, Esquire